THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN M. YOUNG,<br><br>                    Plaintiff,<br><br>          v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                    Defendants. | CASE NO. C12-0318-JCC<br><br>ORDER OF DISMISSAL WITH PREJUDICE |

This matter comes before the Court *sua sponte*. Having thoroughly considered the record and for the reasons discussed below, the Court dismisses this action with prejudice.

## I.    BACKGROUND

Before the Court is the question of whether this case should be dismissed on the basis of *res judicata*. The pertinent procedural background is provided below.

On April 1, 2011, Kevin Young filed an action in federal court for injunctive and declaratory relief in which he disputed the right of Wells Fargo Bank, N.A. ("Wells Fargo") to foreclose on real property situated at 11607 72nd Place N.E., Kirkland, Washington, 98034. *See Young v. Wachovia Mortgage FSB*, Case No. C11-0552-JCC, Dkt. No. 1 (W.D. Wash. Apr. 1, 2011) (hereinafter, the "First Action"). Wells Fargo moved for summary judgment, and the Court dismissed the action with prejudice. *See id.* at Dkt. No. 16.

On January 20, 2012, Plaintiff filed an action in state court to "quiet title" to the same

property in Kirkland, Washington. Wells Fargo removed the case to federal court. On April 24, 2012, the Court issued an Order To Show Cause why this case should not be dismissed pursuant to the doctrine of *res judicata* in light of its apparent similarity to the First Action. (Dkt. No. 7.) On April 25, 2012, Wells Fargo moved for an order granting summary judgment to dismiss Plaintiff's action on the ground that it is barred by the doctrine of *res judicata*. (Dkt. No. 8.) On April 30, 2012, Young filed a notice of voluntary dismissal, which was ineffective because it followed the summary judgment motion.

On May 3, 2012, the Court dismissed Young's claim with prejudice for failure to respond to the Order to Show Cause and denied as moot Wells Fargo's summary judgment motion. (Dkt. No. 12.) However, after Plaintiff—a *pro se* litigant—explained the circumstances surrounding his failure to respond, including his apparent difficulty in accessing the electronic filing system, the Court set aside its order of dismissal in order to allow Plaintiff another opportunity to respond on the merits. (Dkt. No. 22.) The Court ordered Plaintiff to submit arguments and authority to support his position that this action should not be dismissed pursuant to the doctrine of *res judicata*. (*Id.*)

On July 20, 2012, Plaintiff filed a declaration stating that this is the only quiet title action he has ever filed in any court and that he believes his quiet title claims are still viable as they "have never been addressed or adjudicated by any court either at the federal or state level." (Dkt. No. 23 at 1-2.) On July 27, 2012, Wells Fargo filed a reply to Plaintiff's declaration, renewing its claim that the case should be dismissed on *res judicata* grounds and positing that the fact that Plaintiff did not expressly bring a quiet title claim in the First Action is irrelevant to the *res judicata* analysis.

**II. DISCUSSION**

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). The doctrine of *res judicata* applies where an earlier suit (1) involved the same claim or

cause of action; (2) reached a final judgment on the merits; and (3) involved the same parties. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). To determine whether a subsequent suit involves the same claim or cause of action, the Court examines the following factors:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo*, 430 F.3d at 987.

Here, Plaintiff has failed to present any valid argument or authority to avoid dismissal of this action on *res judicata* grounds. Plaintiff rests his claim that *res judicata* does not apply on the notion that because he never expressly raised a quiet title in his prior suit, his quiet title claim must still be viable before this Court. (Dkt. No. 23 at 2.) This is incorrect. The doctrine of *res judicata* acts to prohibit lawsuits based not only on claims that were expressly raised in a prior lawsuit but also claims that <u>could have been raised</u> in that prior lawsuit. *Stewart*, 297 F.3d at 956.

Furthermore, although Plaintiff points to the different characterization of his claims to distinguish this case from the First Action, it is clear to the Court that the two cases involve the "same cause of action." In particular, both cases involve the same "transactional nucleus of facts" relating to the nature of the contractual relationship between the parties and to the ability of Wells Fargo to enforce the terms of the deed of trust through non-judicial foreclosure proceedings. Having lost on the merits in the First Action, Plaintiff may not obtain a second bite at the apple merely by relabeling this action as a "quiet title action" rather than an action for "injunctive relief, accounting, and declaratory relief." (*Cf.* Dkt. No. 9-2 at 2 (Plaintiff's complaint in the First Action); Dkt. No. 1-1 at 3 (Plaintiff's complaint in this action).)

## III. CONCLUSION

For the foregoing reasons, the Court finds that *res judicata* applies and DISMISSES WITH PREJUDICE the present action. Furthermore, the Court confirms that its prior order granting Wells Fargo contractual attorney fees (Dkt. No. 17) remains valid. Finally, though Wells Fargo makes some valid points, the Court declines—at this point—to declare Plaintiff a vexatious litigant.

DATED this 30th day of August 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE